McKinney, J.,
delivered the opinion of the Court.
The.plaintiffs are the heirs at law, and next of kin of E. Howard, deceased. By a proceeding in the County Court of Montgomery, which seems-to have been regular, certain real estate, and one slave, the property' of the estate of said Howard., was decreed to be sold, on the petition of the heirs, and next of kin, at the December Session, 1858, of said Court ;■ and William Rogers, the then Clerk of the Court, was, by an order of the Court, appointed Commissioner to make the sale. At the March Session, 1859, Rogers, the Clerk and Commissioner, made his report to the Court,-showing. that he had made sale of the property, pursuant to the decree; that the proceeds *537 of sale amounted to $6,340.00, for which he had taken the notes of the respective purchasers, with security, as directed. In the year 1859, Rogers died ; before his death, he had received several sums of money from the purchasers at said sale, in part payment of the notes executed to him, as Commissioner. Part of the money'thus received by him, he accounted for, and paid over; but at the time of his death, the sum of $500, had been retained by him, wholly unaccounted for.
To recover this money, the plaintiffs presented a petition to said County Court, against Woods, the administrator of Rogers, and the sureties to the official bond executed by Rogers, as Commissioner, praying for a judgment or decree against, them, for the amount Rogers was in arrears.
The defendants demurred to the petition, and the demurrer was allowed by the Judge of the County Court, and the petition was dismissed.
The proceeding seems to have been treated as in. the nature of a bill in equity, and, in this view, the jurisdiction was thought to belong to the Court of Chancery, and not the County Court.
The proceeding adopted, was a more formal one perhaps, than was required; a simple motion would possibly have been sufficient. Still, we are of opinion, that the mode of proceeding by petition, was regular.
By the Code, (sec. 4201,) the County Court clearly possessed the jurisdiction to make the sale, and by sec. 4203, it is expressly vested “with all the power and authority necessary and proper to the exercise of the jurisdiction,” thus conferred. And by sec. 4204, the County Court is vested in cases of concurrent jurisdiction, with *538 all the “ incidental powers,” possessed by a Court of Equity, for the purpose of effectuating the jurisdiction, conferred upon it in the several cases enumerated in sec. 4201.
This being so, it necessarily follows, that, in the case before ns, the jurisdiction being concurrent with the Chancery Court, the power and authority of the County Court was as ample in the premises, as of a Court of Chancery.
But again: the money was in view of the lands received by Rogers, in the two-fold capacity of Clerk and Commissioner. And thus regarded, the case - is within the spirit and meaning of sec. 4043, which makes it the duty of all clerks, upon application at Ms office, by the party entitled, his agent, or attorney, to pay over without delay, any money or property in his hands, received by virtue of any decree, judgment, or order of the Court, or by virtue of his office. And by sec. 4044, a failure to- do so, is not only declared a misdemeanor, but- likewise, subjects the delinquent Clerk, and his sureties, to a judgment or motion. Sec. 3610, is more explicit: It declares in terms, that a Special Commissioner appointed by the Court to sell property, or to receive and collect funds, is, in all cases, liable, on 'motion, in the same way, and to the same extent, as the Clerks of the Courts: See sec. 3608.
We do not find that the personal representative of a deceased Clerk, or Special Commissioner, is made liable on motion, by any express provision of the Code; but it would, perhaps, follow, by the proper construction of the various provisions of the Code, that he would be so liable, together with the sureties.
*539 By sec. 3626, (ch. 14, art. 7,) it is provided, that the remedy by motion, 'given by this article, (art. 7,) “will be both for and against the personal representatives of the deceased parties.”' This provision might seem, at first view, from its juxtaposition, and terms,-to be restricted to the class of motions enumerated in article 7.
But such, we think, was not the intention. . There would be no sense in such a discrimination.
The rule laid down in some of the earlier cases, that the remedy by motion given by Statute against a delinquent officer, will not lie against his personal representative, unless it be so declared in terms, is a very narrow one, and is violative of the general principle, that, in civil cases, the personal representative takes the shoes of the deceased party — is subject to the same liabilities, and may be proceeded against in the same forms and modes.
We incline to the opinion, therefore, that upon sound general principles and analogies of law, the remedy by motion, will lie against the personal representative of a delinquent officer, wherever it is given against the officer himself, though the Statute may not, in express terms, extend it to the former.
This results as an inference of law, upon general principles, unless, from something' in the Statute, the instruction to restrict the remedy to the officer, in exclusion of the personal representative, be apparent.
In this view, the proceeding by petition, may, without any prejudice to the rights of the defendants, and likewise without real incongruity, be treated as a motion.
We will so regard it, and render judgment accordingly.
Judgment reversed.